**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| RALPH SMITH, JR., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:07-CV-100 (CDL) |
| | : | 42 U.S.C. § 1983 |
| DWIGHT HAMRICK, *et al.* | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion to Dismiss Plaintiff's action. (R-27). The Plaintiff was notified of his right to respond but failed to do so within the time allotted.

## LEGAL STANDARDS FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations

> in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## **DISCUSSION**

Plaintiff alleges that mental health inmates at Rutledge State Prison are "treated with cruel punishment - deliberate indifference, and discrimination" by the administration. (R-1, p. 4). The majority of the complaints asserted by Plaintiff address alleged injustices suffered by mental health inmates generally and/or the general inmate population. (R-1, p. 4-9).

2

Although Plaintiff filed the complaint "on behalf of himself and all mental health inmates" (R-1), his Motion for Certification of Class Action (R-5) was denied on September 10, 2007 (R-24). After the denial of class certification, Plaintiff did not amend his complaint.

Plaintiff Smith seeks injunctive relief only. Specifically, Plaintiff requests relief as follows: 1) better classification of inmates and mental health screening for all inmates; 2) the separation of mental health and non-mental health inmates; 3) for doctors' medical profiles to be honored by defendants and guards; 4) more time to eat at the chow hall; 5) improvement of physical facilities; 6) better inmate protection procedures; 7) more toilets in living units for growing population; 8) school programs with rehabilitation value and substance; 9) that no razor blades be given to mental health inmates; 10) that the cockroaches be taken out of the eating facilities; 11) that no sex be allowed and that the rape policy be enforced; 12) more cleaning supplies in units that only have two toilets; 13) that the big screen TV and snacks no longer be used as an incentive or reward to some inmates and not all; and 14) that inmates no longer be double billed for medical problems they were previously seen about. (R-1, p. 10-11).

**Injunctive relief**

The Eleventh Circuit Court of Appeals has held that any claims regarding the conditions of his confinement made by an inmate who is requesting declaratory or injunctive relief become moot once the Plaintiff is transferred to another facility. *Spears v. Thigpen*, 836 F.2d 1327 (11th Cir. 1988); *citing, Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (holding that absent class certification, an inmate's claim for injunctive and declaratory relief

3

in a section 1983 action fails to present a case or controversy once the inmate has been transferred.)

In this case, Plaintiff filed suit against the Defendants on June 15, 2007. (R-1). On August 8, 2007, the clerk's office filed a letter sent by the Plaintiff informing the court that he had been transferred to Johnson State Prison in Wrightsville, Georgia. (R-12). On August 22, 2007, the clerk's office filed a second letter sent by Plaintiff informing the court that he had been transferred to Georgia State Prison in Reidsville, Georgia, where it appears Plaintiff is currently incarcerated. (R-20) Thus, Plaintiff is no longer an inmate at Rutledge State Prison. Pursuant to legal precedent, therefore, as all of the claims made by Plaintiff in his complaint seek injunctive relief only, said claims fail to present any case in controversy. Thus, Plaintiff's claims should be deemed moot and it is recommended that all claims be DISMISSED.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that Defendant's Motion to Dismiss be GRANTED and Plaintiff's action should be dismissed without prejudice for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of February, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc